```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

O.P.
            Petitioner,

     v.                              CIVIL ACTION NO.
                                     20-11936-WGY

MARIA RODRIGUEZ,
            Respondent.
```

ORDER OF DISMISSAL

YOUNG, D.J.

Before the Court is an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 ("Amended Petition," ECF No. 4) brought by Carla Marie Conforto ("Conforto") on behalf of her minor child, O.P., that appears to be in foster care pending the resolution a child welfare proceeding in Middlesex Juvenile Court.  The Amended Petition is DISMISSED where "it plainly appears from the face of the petition and . . . attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; see also 28 U.S.C. § 2243.

Two grounds are presented: (1) O.P.'s apparent temporary custody is unlawful ("Ground One"), and (2) the Middlesex Juvenile Court allegedly altered the record purportedly in bad faith to usurp O.P.'s right to Single Justice review ("Ground Two").  Amend. Pet. 6.  Conforto seeks to have O.P. "returned to

the custody of his Mother . . .pending resolution of state process.  Stay lower court proceedings until mother appointed counsel." Pet. 7.

First, even if Conforto could represent her child in this petition,[1] this Court is without jurisdiction.  It is well settled that "federal habeas has never been available to challenge parental rights or child custody." Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 511 (1982); see e.g., Hemon v. Office of Public Guardian, 878 F.2d 13, 14 (1st Cir. 1989) ("It is settled law that federal habeas corpus jurisdiction does not extend to state court disputes over child custody."); Albert v. Massachusetts Executive Office of Health and Human Service, 2018 WL 1763634, at *1 (D. Mass., 2018) (dismissing habeas claim for lack of jurisdiction where parent attempted to challenge foster care orders in pending juvenile action).

Second, to the extent that the Amended Petition were construed as a non-habeas civil action of her own rights, the Court would abstain from interfering with an ongoing child

---

[1] Conforto is apparently not an attorney, and may not represent her children in matters before this Court. See Albert v. Massachusetts Executive Office of Health and Human Service, 2018 WL 1763634, at *1; L.R. 85.5.5(b) ("An individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf.").

custody matter before the Middlesex County Juvenile Court under Younger abstention doctrine.  Younger v. Harris, 401 U.S. (1971); Albert, 2018 WL 1763634, at *1.

Although petitioner claims relief under 28 U.S.C. 2241, in an abundance of caution to the extent that a ruling on a certificate of appealability is required, a certificate of appealability is DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. 2254(c)(2) because there is no substantial showing of the denial of a constitutional right." See Bowen v. Department of Children and Families, 2010 WL 3200107, at *1 (D. Mass. 2010) (denying certificate of appealability in dismissal of habeas corpus petition concerning child custody).  The Clerk is directed to issue a separate order of dismissal of this action for lack of jurisdiction.

SO ORDERED.

```
 November 2, 2020                /s/ William G. Young
DATE                             UNITED STATES DISTRICT JUDGE
```